UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CEDRIC ROWE,

      Petitioner,                             Case No. 07-13228

v.                                       HON. AVERN COHN

JANE TROMBLEY,

      Respondent.

_____/

## MEMORANDUM AND ORDER
## DENYING PETITION FOR WRIT OF HABEAS CORPUS
## AND
## DENYING A CERTIFICATE OF APPEALABILITY

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Cedric Rowe, ("petitioner"), is a state inmate who is currently confined at the Alger Maximum Correctional Facility in Munising, Michigan, where he is serving a sentence of twenty eight to forty five years for three counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b; twenty eight to forty five years for one count of armed robbery, Mich. Comp. Laws § 750.529; twenty to forty years for one count of carjacking, Mich. Comp. Laws § 750.529a; and two consecutive years for possession of a firearm in the commission of a felony, Mich. Comp. Laws § 750.227b. Petitioner has filed a *pro se* petition for writ of habeas corpus claiming that he is incarcerated in violation of his constitutional rights. Respondent, through the Attorney General's Office, filed a response, arguing that petitioner's claims lack merit or are procedurally defaulted. For the reasons which follow, the petition will be denied.

## II. **Procedural History**

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court.

Petitioner filed an appeal of right to the Michigan Court of Appeals, which included the first five claims that he presents in his habeas petition.  Petitioner's appellate counsel filed an appellate brief which raised three claims and petitioner also filed a supplemental *pro per* brief which raised an additional five claims.  The Michigan Court of Appeals affirmed petitioner's conviction and sentence.  *People v. Rowe*, No. 240820 (Mich.Ct.App. March 16, 2004).  Petitioner filed an application for leave to appeal in the Michigan Supreme Court in which he raised the five claims he presented in his *pro per* brief before the Michigan Court of Appeals on his appeal of right, but did not include in the application for leave to appeal the three issues that his appellate counsel had raised in his appellate brief before the Michigan Court of Appeals.  The Michigan Supreme Court denied petitioner leave to appeal.  *People v. Rowe,* 471 Mich. 883 (2004).

Petitioner then filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.,* in which he raised the remaining two claims that he raises in his current petition.  The trial court denied the motion.  *People v. Rowe*, No. 00-11920-01 (Wayne County Circuit Court, March 24, 2005).  The Michigan appellate courts denied petitioner leave to appeal, finding that petitioner had failed to establish entitlement to relief under M.C.R. 6.508(D). *People v. Rowe*, No. 266596 (Mich.Ct.App. June 7, 2006); *lv. den.* 477 Mich. 913 (2006).

Petitioner has now filed an application for writ of habeas corpus, in which he

seeks habeas relief on the following grounds:

I. The trial court ruling not to allow petitioner to question police witness regarding the time periods involved with the taking of petitioner's statements as well as the conditions in the police holding cells during the time petitioner was housed there, denied him his constitutional right to present a defense.

II. Petitioner was denied his constitutional right to a fair trial by the prosecutor's misconduct by introducing inadmissible evidence.

III. Petitioner was denied his Sixth Amendment right to the effective assistance of counsel where his trial attorney failed to object to prosecutor's testimony of uncharged crimes.

IV. Petitioner was denied his Fourth Amendment constitutional right when the police intentionally delayed his arraignment and unlawfully detained him on an alleged possession of a firearm while the police investigated the petitioner's involvement with other crimes.

V. Petitioner was denied his Sixth Amendment right to effective assistance of counsel when his trial counsel failed to challenge the reason for the petitioner's delay of arraignment and unlawful detention due to police efforts to investigate other crimes in which the petitioner may have been involved.

VI. Petitioner was denied his constitutional right to effective assistance of counsel where counsel failed to challenge a Fourth Amendment claim concerning probable cause to arrest.

VII. Petitioner was denied the effective assistance of appellate counsel when appellate counsel failed to investigate and assert meritorious claims.

### III. <u>Facts</u>

The material facts leading to petitioner's conviction as gleaned from the state court record follow.

The victim testified that she left work on July 10, 2000, between 9:30 and 9:45 p.m., picked up her son, before stopping to use an ATM in the Six Mile-Schaeffer area of Detroit. As the victim returned to her car, she was approached by a man, whom she identified at trial as petitioner. The victim testified that petitioner was armed with a long,

silver gun and demanded her car.  The victim testified that petitioner then pushed her

into the car, got in himself, and threatened to sexually assault her.  The victim testified

that petitioner drove her car to an alley where the victim was ordered to remove her

pants and underwear.  After driving around for a short time more, the victim testified that

petitioner stopped the vehicle and ordered the victim to remove all of her clothes.  The

victim testified that petitioner forced her to perform fellatio on him.  The victim testified

that petitioner then vaginally penetrated her and ejaculated.

After threatening to kill her, petitioner ordered the victim to call someone to come

and pick her up.  When the victim made a telephone call to Erika Farrell, petitioner

grabbed the phone from the victim and spoke with Ms. Farrell.  Farrell testified

consistently with the victim's version of the events but did not identify petitioner as the

person whom she spoke with.  Petitioner then released the victim and her son, but stole

her money, her cell phone, and her car.

The victim subsequently attended a line-up.  At that procedure she identified

petitioner as her assailant by stating "it kinda looks like him."  She further testified that

the other persons in the line-up didn't match the description of her assailant that she

had given the police.  At trial, the victim positively identified petitioner as her assailant,

indicating that she spent over an hour with him.  The victim testified that she got a good

look at petitioner, since she was sitting two and a half to three feet away from him

during the incident.  The victim testified that she identified petitioner at the line-up

because of his height, his build, and his voice (a voice identification was also

performed).  The victim testified that she identified petitioner again when she saw him in

court and testified that she was certain that he was the person who robbed and sexually

assaulted her.

On October 2, 2000, petitioner was arrested at about 12:30 a.m. in the same area of Six-Mile and Schaeffer where the victim had been robbed for possession of a firearm. Officers from the violent crime task force testified that later that day, at around 7:00 p.m., they were called to the 12th Precinct after being informed that the police had arrested someone who matched the description of the suspect in the sexual assault case. Officers arrived at the 12th Precinct, met petitioner, and advised him of his *Miranda* rights, but petitioner refused to talk with the officers.

The next day, October 3, 2000, petitioner was transported to Detroit Police Headquarters at 1300 Beaubien Street and placed in a cell. Petitioner was taken that day to the hospital to have blood drawn through a search warrant for DNA testing. After petitioner returned from the hospital, he participated in a line-up at about 7:00 p.m., where the victim identified him. After the line-up, petitioner was interrogated by the police for several hours. Petitioner made a statement to the police at 10:28 p.m. on October 3, 2000. In the first statement, petitioner admitted to robbing and sexually assaulting the victim, as well as admitting to a number of other robberies and sexual assaults. Petitioner then gave a second statement to the police at 3:15 a.m. on October 4, 2000. In this statement, petitioner claimed that he had sex with the victim before going with her to a lounge, where she asked him for some money. In this statement, petitioner told the police that the victim had allowed him to use her vehicle. After giving the second statement, petitioner was held several more days at police headquarters before being arraigned on October 7, 2000.

### IV.  Analysis

## A. <u>Standard of Review</u>

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d); *Harpster v. State of Ohio*, 128 F. 3d 322, 326 (6th Cir. 1997).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."  *Id.* at 411.

## B. <u>Claims I and IV - Procedural Default</u>

### 1.

Respondent contends that petitioner's first and sixth claims are procedurally

defaulted.[1]  Federal habeas relief may be precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *See Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977).  Procedural default precluding a state prisoner from seeking federal habeas relief may occur if the state prisoner files an untimely appeal, if he fails to present an issue to the state appellate court at his only opportunity to do so, or if he fails to comply with a state procedural rule that required him to have done something at trial to preserve his claimed error for appellate review. *See Matson v. Michigan Parole Bd.,* 175 F. Supp. 2d 925, 927 (E.D. Mich. 2001)(internal citations omitted).  A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

2.

Respondent contends that petitioner's first claim is procedurally defaulted because although his appellate counsel raised this claim before the Michigan Court of Appeals on petitioner's appeal of right, petitioner failed to raise this claim in his application for leave to appeal to the Michigan Supreme Court following the affirmance of his conviction on his appeal of right by the Michigan Court of Appeals. [2]  Petitioner

---

[1]  Respondent also contends that petitioner's second claim was procedurally defaulted because he failed to object but a review of the Michigan Court of Appeals' decision shows that this claim was rejected on the merits. *Rowe,* Slip. Op. at * 4.

[2]  *See* Application for Leave to Appeal (Doc. No. 9-12).

acknowledges in his reply that he failed to raise his first claim in his application for leave to appeal to the Michigan Supreme Court.

A habeas petitioner procedurally defaults a claim if he fails to raise it in an application for discretionary review with the state's highest court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). A claim raised in the state court of appeals but not in the state supreme court cannot be considered in federal habeas review. *See Harris v. Stegall,* 157 F. Supp. 2d 743, 750 (E.D. Mich. 2001).

Here, petitioner raised his first claim in his direct appeal to the Michigan Court of Appeals. However, petitioner did not raise this claim in the application for leave to appeal that petitioner filed with the Michigan Supreme Court. By failing to seek discretionary review of his first claim in the Michigan Supreme Court, petitioner has procedurally defaulted this claim. *Harris,* 157 F. Supp. 2d at 750.

Petitioner argues that any procedural default of his first claim should be excused because his appellate counsel had promised to file an application for leave to appeal with the Michigan Supreme Court regarding the three claims that appellate counsel had raised in his appellate brief before the Michigan Court of Appeals. This argument lacks merit. Appellate counsel's alleged failure to file an application for leave to appeal to the Michigan Supreme Court would not excuse petitioner's default. A criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals. *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982). "The right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Because there is no constitutional right to the effective assistance of counsel on a discretionary appeal, petitioner cannot claim that counsel was ineffective

for failing to file an application for leave to appeal with the Michigan Supreme Court. *Wainwright*, 455 U.S. at 587-88. Thus, petitioner has not established "cause" to overcome his procedural default. *See Harris v. Stegall,* 157 F. Supp. 2d at 750. In addition, a habeas petitioner's *pro se* status and ignorance of rights at the state court level does not constitute cause which would excuse the procedural default. *Hannah v. Conley,* 49 F. 3d 1193, 1197 (6th Cir. 1995); *Robertson v. Abramajtys,* 144 F. Supp. 2d 829, 838 (E.D. Mich. 2001). Thus, petitioner's first claim is procedurally defaulted and barred from further review.

3.

Respondent also contends that petitioner's sixth claim involving the alleged ineffectiveness of trial counsel in failing to challenge the legality of his arrest is procedurally defaulted because he raised his claim for the first time in his post-conviction motion and failed to show cause and prejudice, as required by M.C.R. 6.508(D)(3) for failing to raise this claim on his appeal of right.

The trial court rejected petitioner's claim pursuant to M.C.R. 6.508(D)(2), because the trial court mistakenly believed that petitioner had already raised this claim in his direct appeal. *See People v. Rowe,* No. 00-11920-01, * 2 (Wayne County Circuit Court, March 24, 2005). The Michigan appellate courts denied petitioner leave to appeal "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Rowe*, No. 266596 (Mich.Ct.App. June 7, 2006); *lv. den.* 477 Mich. 913 (2006).

The question for this Court is whether petitioner's sixth claim should be procedurally defaulted on the basis of M.C.R. 6.508(D)(3), in light of the fact that the

trial court initially denied petitioner's post-conviction claims pursuant to M.C.R. 6.508(D)(2) and the Michigan appellate courts subsequently denied petitioner's claims pursuant to M.C.R. 6.508(D) without indicating which subsection that they were denying petitioner post-conviction relief under.

M.C.R. 6.508(D)(2) indicates that a court in Michigan should not grant post-conviction relief if the post-conviction motion "alleges grounds for relief which were decided against the defendant in a prior appeal or proceeding under this subchapter, unless the defendant establishes that a retroactive change in the law has undermined the prior decision[;]"  M.C.R. 6.508(D)(2) is essentially a *res judicata* or law of the case rule, which prevents the relitigation of claims in a post-conviction motion which have already been decided adversely against a defendant in a prior appeal.

The trial court's erroneous invocation of 6.508(D)(2) to deny petitioner post-conviction relief, however, does not preclude a finding that petitioner's sixth claim is procedurally defaulted under 6.508(D)(3) for several reasons.  First, in his seventh claim, petitioner contends that the trial court erred in denying his post-conviction claim pursuant to M.C.R. 6.508(D)(2).  Petitioner further alleges that appellate counsel was ineffective for failing to raise this ineffective assistance of trial counsel claim on his direct appeal in order to establish cause for failing to raise this  claim on his direct appeal, as required by M.C.R. 6.508(D)(3).  Moreover, in his post-conviction applications for leave to appeal to the Michigan Court of Appeals and the Michigan Supreme Court, petitioner argued to the Michigan appellate courts that the trial court incorrectly rejected petitioner's sixth claim on the mistaken assumption that it had been raised on petitioner's direct appeal, when it was being raised for the first time on

petitioner's post-conviction motion. Petitioner further argued that appellate counsel was ineffective for failing to raise this ineffective assistance of trial counsel claim on his direct appeal in order to establish cause, as required by 6.508(D)(3), for failing to present these claims on his direct appeal. [3] Finally, the Michigan appellate courts denied petitioner's post-conviction appeal pursuant to 6.508(D), after having been apprised by petitioner in his post-conviction appeals that this claim had not been raised on his appeal of right.

In light of the fact that petitioner concedes in his habeas petition that his sixth claim had not been exhausted before the Michigan appellate courts on direct review, as well as the fact that petitioner brought up the fact before the Michigan courts in his post-conviction pleadings that this ineffective assistance of counsel claim had not previously been raised before on direct review so as to persuade them to grant him post-conviction relief, the trial court's erroneous invocation of 6.508(D)(2) to deny petitioner's post-conviction motion would not prevent this Court from procedurally defaulting petitioner's sixth claim based on petitioner's failure to comply with the provisions of M.C.R. 6.508(D)(3). *See Hicks v. Straub,* 377 F. 3d 538, 552, n. 14 (6th Cir. 2004). Furthermore, the Michigan appellate courts' invocation of 6.508(D) to deny petitioner post-conviction relief was sufficient, under these circumstances, to constitute a procedural default of petitioner's sixth claim pursuant to 6.508(D)(3). *Id.* at 557 *(citing Burroughs v. Makowski*, 282 F.3d 410, 413-14 (6th Cir. 2002); *Simpson v. Jones*, 238 F.3d 399, 407-08 (6th Cir. 2000)).

---

[3] *See* Doc. Nos. 9-14, 9-15.

To overcome his default, petitioner alleges ineffective assistance of appellate counsel as cause to excuse his procedural default. Petitioner, however, has not shown that appellate counsel was ineffective. It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. 527, 536 (1986)(*quoting Barnes*, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards,* 281 F. 3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," which is defined as an issue which was obvious from the trial record and would have resulted in a reversal on appeal. *See Meade v. Lavigne,* 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Petitioner has failed to show that appellate counsel's performance fell outside the wide range of professionally competent assistance by omitting his sixth claim that trial counsel was ineffective for failing to challenge the legality of his arrest. Appellate counsel filed a twenty five page brief on appeal, in which he raised three claims. Appellate counsel also filed a motion to remand to the trial court for a *Ginther* hearing. Appellate counsel also helped petitioner file his *pro per* supplemental brief, which

12

raised an additional five claims. [4]  Petitioner has not shown that appellate counsel's strategy in presenting these claims and not raising his sixth claim was deficient or unreasonable.  Moreover, petitioner's sixth claim is not a "dead bang winner."  Because the defaulted claim is not a "dead bang winner," petitioner has failed to establish cause for his procedural default of failing to raise his sixth claim on direct review.

Finally, to the extent that petitioner is raising his ineffective assistance of appellate counsel claim as an independent ground for relief, he is not entitled to the issuance of a writ of habeas corpus.  First, as mentioned above, petitioner has failed to show that appellate counsel was deficient in failing to present his sixth claim on his appeal of right.

Moreover, petitioner is unable to show that he was prejudiced by his appellate counsel's failure to raise his sixth claim on his appeal of right, in light of the fact that this same claim was presented to the Michigan trial and appellate courts on petitioner's post-conviction motion for relief from judgment and rejected by them. *See Hollin v. Sowders*, 710 F. 2d 264, 265-67 (6th Cir. 1983); *Bair v. Phillips,* 106 F. Supp. 2d 934, 938, 943 (E.D. Mich. 2000).  The state courts' rulings on petitioner's motion for post-conviction relief granted petitioner an adequate substitute for direct appellate review and therefore his attorney's failure to raise his sixth claim on petitioner's appeal of right did not cause him any injury. *Bair,* 106 F. Supp. 2d at 943.  Thus, petitioner's sixth claim is defaulted.

4.

---

[4]  *See* Doc. No. 9-11.

Overall, petitioner has offered no reasons for the Court to excuse the default of his first and sixth claims. Because petitioner has not demonstrated any cause for his procedural default, it is unnecessary for this Court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. at 533. Additionally, petitioner has not established that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *Schlup v. Delo,* 513 U.S. 298, 326-27 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner contends that he is actually innocent because he says the victim's identification of him as her assailant was equivocal. This is incorrect. The victim's in-court identification of petitioner as her assailant was positive and unequivocal. (See Tr. 1/22/2002, pp. 169, 175, 180-82). The victim was cross-examined extensively about any problems with her identification and nevertheless positively identified petitioner several times as her assailant. (*Id.* at pp. 184-88). Because the victim identified petitioner at trial as her assailant and indicated that there was no mistake in her identification, petitioner has failed to establish that a miscarriage of justice has occurred. *See e.g. Thompson v. Elo,* 919 F. Supp. 1077, 1085 (E.D.Mich. 1996)*; overruled on other grounds, Rogers v. Howe,* 144 F. 3d 990, 994, n. 5 (6th Cir. 1998).

Petitioner's first and sixth claims are procedurally defaulted and therefore do not provide a basis for habeas relief.

### C.  Prior Bad Acts Evidence

In his second claim, petitioner contends that the prosecutor committed misconduct by introducing evidence that petitioner was in possession of a firearm at the time of the arrest.  Petitioner argues that this evidence was admitted in violation of M.R.E. 404(b), because it was used solely to establish his propensity to commit the charged crimes.

Errors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. *Seymour,* 224 F. 3d 542, 552 (6th Cir. 2000); *See also Spalla v. Foltz,* 615 F. Supp. 224, 234 (E.D. Mich. 1985).

Petitioner's claim that the state court violated M.R.E. 404(b) by admitting this evidence is non-cognizable on habeas review. *See Bey v. Bagley,* 500 F 3d 514, 519 (6th Cir. 2007). The admission of "prior bad acts" evidence against a habeas petitioner in violation of M.R.E. 404(b) does not entitle him to habeas relief, because there is no clearly established Supreme Court law which holds that a state violates a petitioner's due process rights by admitting propensity evidence in the form of "prior bad acts" evidence. *Bugh v. Mitchell,* 329 F. 3d 496, 512 (6th Cir. 2003).  Thus, petitioner is not entitled to relief on this claim.

### D.  Claim IV - Delay in Arraignment

In his fourth claim, petitioner contends that his Fourth Amendment rights were violated when the police intentionally delayed his arraignment while they investigated

petitioner's involvement in other crimes.

Federal habeas review of a petitioner's arrest or search by state police is barred where the state has provided a full and fair opportunity to litigate an illegal arrest or a search and seizure claim. *Stone v. Powell*, 428 U.S. 465, 494-95 (1976); *Machacek v. Hofbauer*, 213 F. 3d 947, 952 (6th Cir. 2000). For such an opportunity to have existed, the state must have provided, in the abstract, a mechanism by which the petitioner could raise the claim, and presentation of the claim must not have been frustrated by a failure of that mechanism. *Riley v. Gray*, 674 F. 2d 522, 526 (6th Cir. 1982). The relevant inquiry is whether a habeas petitioner had an opportunity to litigate his claims, not whether he in fact did so or even whether the Fourth Amendment claim was correctly decided. *See Wynne v. Renico,* 279 F. Supp. 2d 866, 892 (E.D. Mich. 2003); *rev'd on other grds*--- F.3d ----, No. 2010 WL 2221024 (6th Cir. June 4, 2010). Indeed, under *Stone*, the correctness of a state court's conclusions regarding a Fourth Amendment claim "is simply irrelevant." *See Brown v. Berghuis,* 638 F. Supp, 2d 795, 812 (E.D. Mich. 2009). "The courts that have considered the matter 'have consistently held that an erroneous determination of a habeas petitioner's Fourth Amendment claim does not overcome the *Stone v. Powell* bar.'" *Id.* (*quoting Gilmore v. Marks*, 799 F.2d 51, 57 (3rd Cir. 1986)). Thus, an argument by a habeas petitioner that is "directed solely at the correctness of the state court decision[on a Fourth Amendment claim] 'goes not to the fullness and fairness of his opportunity to litigate the claim[s], but to the correctness of the state court resolution, an issue which *Stone v. Powell* makes irrelevant.'" *Brown,* 638 F. Supp. 2d at 812-13 (*quoting Siripongs v. Calderon*, 35 F. 3d 1308, 1321 (9th Cir.1994)).

Based on the above, petitioner's delay in arraignment claim is barred from review under *Stone v. Powell*.  Because petitioner had a full and fair opportunity to litigate his claim of a lack of speedy arraignment in the state courts, this Court is precluded from granting habeas relief on this claim.  The mere fact that the issue involving the alleged delay in arraignment was raised and considered only at the appellate level does not mean that petitioner was denied a full and fair opportunity to litigate his Fourth Amendment claim.  The opportunity to litigate encompasses more than an evidentiary hearing in the trial court.  It also includes corrective action available through the appellate process on direct review of the conviction.  Because all of the material facts were before the state appellate courts on direct review and the appellate process was not otherwise deficient, petitioner had a full and fair opportunity to litigate his Fourth Amendment claim.  Therefore, he is not entitled to a habeas relief on this claim.

### E.  Claims III and V - Ineffective Assistance of Counsel

1.

In his third and fifth claims, petitioner says he was deprived of the effective assistance of trial counsel.  To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test.  First, petitioner must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S.

668, 687 (1984).  In so doing, petitioner must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689.  Second, petitioner must show that such performance prejudiced his defense. *Id*.  To demonstrate prejudice, petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

## 2.

In his third claim, petitioner says that his trial counsel was ineffective for failing to object to testimony that petitioner had a firearm in his possession at the time of his arrest.

Petitioner is not entitled to habeas relief on his claim.  As an initial matter, evidence that petitioner was in possession of a firearm at the time of his arrest was probably admissible.  Although references to other crimes evidence is inadmissible, a prosecutor is entitled to explain the circumstances surrounding the investigation and arrest of the defendant.  *See U.S. v. Stafford,* 232 Fed. Appx. 522, 526-27 (6th Cir. 2007); *People v. Eaton,* 114 Mich. App. 330, 338; 319 N.W.2d 344 (1982).

Moreover, in light of the fact that the victim testified that petitioner robbed and sexually assaulted her at gunpoint, testimony that petitioner was in possession of a firearm at the time of his arrest did not effect the outcome of the trial.  "[T]he prejudice question, for purposes of an ineffective assistance of counsel claim, 'is essentially the same inquiry as made in a harmless-error analysis.'" *Johnson v. Renico,* 314 F. Supp.

2d 700, 711 (E.D. Mich. 2004)(internal quotation omitted). In light of the evidence in this case, testimony that petitioner was in possession of a firearm at the time of his arrest was harmless error at worst. Accordingly, petitioner was not prejudiced by counsel's failure to object to the arresting officer's testimony.

3.

In his fifth claim, petitioner contends that counsel was ineffective for failing to object to the pre-arraignment delay in this case.

Petitioner's claim is based on the Supreme Court's decision in *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991). *Riverside* was a civil rights case brought under 42 U.S.C. § 1983. The Supreme Court held that the federal constitution requires that a defendant be given a reasonably prompt probable cause determination, such as arraignment, following his arrest, and that a delay in arraignment greater than 48 hours after arrest is presumptively unreasonable. *See id.* at 55-58. However, even if there was an unreasonable delay in arraignment, petitioner cannot show a reasonable probability that a motion to suppress his statements on this basis would have been successful. Because *McLaughlin* was a civil rights action, it did not consider the effect of pre-arraignment delay on the voluntariness of a statement made to the police. *See Davis v. Jones,* 306 Fed. Appx. 232, 236 (6th Cir. 2009); *cert. den.* 130 S. Ct. 371 (2009). The Supreme Court, in fact, has explicitly declined to fashion an appropriate remedy for a *McLaughlin* violation. S*ee Powell v. Nevada*, 511 U.S. 79, 84 (1994). The Michigan courts have likewise held that suppression of a statement is not *per se* required for a *McLaughlin* violation. *See People v. Manning*, 243 Mich.App. 615, 636-44; 624 N.W. 2d 746 (2000). Under both federal and Michigan law, any

19

unnecessary delay in having a defendant arraigned before a magistrate or other judicial officer is insufficient, in and of itself, to justify the suppression of an otherwise voluntary confession made during the period of the pre-arraignment delay; instead, delay is only one of several relevant factors to be considered in determining the voluntariness of a criminal defendant's statements. *See United States v. Christopher,* 956 F. 2d 536, 538 (6th Cir. 1991); *People v. Cipriano,* 431 Mich. 315, 319; 429 N.W. 2d 781 (1988). If the totality of the circumstances indicate that a confession was voluntarily given, it should not be excluded solely because of prearraignment delay. *Cipriano,* 431 Mich. at 319.

In this case, based on a review of the record, the totality of circumstances indicate that petitioner's confession was voluntary, in spite of the pre-arraigment delay, because there is no allegation that petitioner was not advised of his *Miranda* warnings, and there is no evidence of intimidating police conduct, that the police interview was coercive, or that petitioner was otherwise harassed or mistreated. *Christopher,* 956 F. 2d at 539.

Because the totality of the circumstances indicate that petitioner's statements were voluntary, counsel was not ineffective for failing to move to suppress petitioner's statements because of the pre-arraignment delay. *See Davis,* 306 Fed. Appx. at 237-39(counsel not ineffective for failing to seek suppression of petitioner's statement based on a 96 hour delay between the arrest and arraignment when the other factors established that the statement was voluntary).

4.

Overall, petitioner has failed to show that his attorney's performance was deficient and that any deficiencies in the performance prejudiced his defense.

Therefore, the state courts' denial of relief did not result in decisions that were contrary to *Strickland.* *See Mahaday v. Cason,* 367 F. Supp. 2d 1107, 1117 (E.D. Mich. 2005).

## V. <u>Conclusion</u>

For the reasons stated above, the state courts' rejection of Petitioner's claims did not result in decisions that were contrary to Supreme Court precedent, an unreasonable application of Supreme Court precedent, or an unreasonable determination of the facts. Accordingly, the petition for a writ of habeas corpus is **DENIED.**

Furthermore, reasonable jurists would not debate the Court's assessment of Petitioner's claims, nor conclude that the issues deserve encouragement to proceed further. The Court therefore **DECLINES** to grant a certificate of appealability under 28 U.S.C. § 2253(c)(2).[2] *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, if petitioner chooses to appeal the Court's decision, he may proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

SO ORDERED.


_s/Avern Cohn_____
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  July 1, 2010

---

[2] "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

I hereby certify that a copy of the foregoing document was mailed to Cedric Rowe 394943, Saginaw Correctional Facility, 9625 Pierce Road, Freeland, MI 48623 and the attorneys of record on this date, July 1, 2010, by electronic and/or ordinary mail.

          s/Julie Owens             
          Case Manager, (313) 234-5160